UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JAMES EDWARD SANDERS, | ) | |
| Petitioner, | ) ) ) | Case No. 6:19-cv-00153-GFVT |
| v. | ) ) | |
| J. RAY ORMOND, Warden, | ) ) | **MEMORANDUM OPINION** **&** |
| Respondent. | ) ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate James Sanders, proceeding *pro se*, seeks habeas relief pursuant to 28 U.S.C. § 2241. Specifically, Sanders contends that the United States Supreme Court's ruling in *Dean v. United States*, 137 S. Ct. 1170 (2017), combined with the Sixth Circuit Court of Appeal's decision in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), entitles him to resentencing. For the reasons that follow, Sanders's habeas petition is **DENIED**.

**I**

In August 2005, Sanders pled guilty to three counts of conviction: (1) possession with intent to distribute fifty grams or more of a mixture of methamphetamine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (2) possession of a firearm during and in relation to a drug trafficking crime and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; and (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Sanders*, Case No. 1:04-cr-25-GNS (W.D. Ky. 2005), R. 63 therein. Thereafter, the sentencing court sentenced Sanders to a term of 188 months'

imprisonment on the drug offense, followed by a consecutive mandatory sentence of 60 months on the gun offenses, for a total term of imprisonment of 248 months. *Id.* Sanders did not appeal.

Sanders did file a § 2255 motion to vacate his sentence, which the sentencing court denied because Sanders's claims with either meritless or barred by the waiver in his plea agreement. *See id.* at R. 112 therein. Sanders then petitioned the Sixth Circuit Court of Appeals for leave to file a second or successive § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, the Sixth Circuit denied those requests. *See In re: James Edward Sanders*, Nos. 16-5954/6323 (6th Cir. 2016). Sanders now seeks relief in this Court by way of the instant 28 U.S.C. § 2241 petition, which is before the Court for a preliminary screening pursuant to 28 U.S.C. § 2243. [*See* R. 1.]

A § 2241 petition will be denied upon a district court's initial screening "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Sanders's petition under a more lenient standard because he is proceeding without an attorney, and the Court, at this stage of the proceedings, accepts his factual allegations as true and construes all legal claims in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**II**

After reviewing Sanders's petition, the Court finds Sanders is not entitled to relief under 28 U.S.C. § 2241 despite the leniency afforded to *pro se* petitioners. In his petition, Sanders describes his claim as follows: "Whether, in light of *Dean v. United States*, 137 S. Ct. 1170 (2017), Sanders must be resentenced to a five-year sentence under section 924(c) and one-day

2

sentence for the predicate crime." [R. 1-1 at 2.] Sanders goes on to assert that both *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), and the savings clause set forth in 28 U.S.C. § 2255(e) apply to his claim. [*Id.* at 7-8.] But Sanders is mistaken about how *Dean*, *Hill*, and the § 2255 savings clause operate.

Although a federal prisoner may challenge the legality of his sentence on direct appeal and through a timely § 2255 motion to vacate, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 habeas petition). After all, a § 2241 petition is typically only a vehicle for challenges to actions taken by prison officials that affect the way a prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). An exception to this general rule exists when a prisoner's remedy under § 2255 is inadequate or ineffective, and where the prisoner can demonstrate that an intervening change in statutory law establishes his actual innocence. *See Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

In *Hill v. Masters*, the Sixth Circuit held that a petitioner can use § 2241 to challenge his sentence if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." 836 F.3d at 595. Sanders contends that *Dean v. United States* constitutes such a retroactive case of statutory interpretation and, thus, that his challenge falls within *Hill*'s framework. But the Sixth Circuit has already clarified otherwise.

In *Dean*, the Supreme Court held that 18 U.S.C. § 924(c) does not restrict a sentencing court from considering a mandatory minimum sentence imposed under that statute when

3

determining sentences for the predicate convictions that do not have mandatory minimums. *See* 137 S. Ct. at 1176-77. Sanders suggests that he should be resentenced based on the sentencing court's discretion, as recognized in *Dean*, to consider his mandatory minimum and consecutive sentences when determining the total length of his sentence. Unfortunately for Sanders, the Sixth Circuit held last year that this argument, based on *Dean*, "does not involve a 'misapplied sentence' as discussed in *Hill*." *See Bennett v. Terris*, Case No. 17-2308, 2018 WL 5749202, at *2 (6th Cir. July 13, 2018). Describing the *Bennett* petitioner's attempted § 2241 challenge, the Sixth Circuit explained:

> In *Hill*, the focus was a sentence that had been enhanced by the petitioner's career-offender status based on a conviction that he argued no longer qualified as a "crime of violence" under the Sentencing Guidelines. Here, Bennett does not argue that application of *Dean* would eliminate any of his § 924(c) convictions … He is, at best, arguing that the district court might, with the benefit of *Dean*, exercise its discretion to formulate a sentence on the non-mandatory predicate convictions in a different way than it actually did.

*Id.* The Sixth Circuit went on to explain that, accordingly, Bennett could not show a "misapplied sentence" that "presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Id.* (quoting *Hill*, 836 F.3d at 591, 595).

Sanders's challenge mirrors *Bennett*'s and thus falls outside of the relief *Hill* contemplates. Like the *Bennett* petitioner, Sanders does not argue that he is actually innocent of any of his offenses of conviction, nor does he claim the Supreme Court's *Dean* decision eliminates any of his convictions. [*See* R. 1-1.] Sanders argues only that, in theory, the trial court could have made a different decision about the length of his sentence for the drug crime. For all of the reasons articulated above, this theory does not provide Sanders relief. *See Bennett*, 2018 WL 5749202, at *2; *see also Habeck v. United States*, 741 F. App'x 953 (4th Cir. 2018) (explaining *Dean* has not been held to apply retroactively to cases on collateral review); *In re*

4

*Dockery*, 869 F.3d 356, 356 (5th Cir. 2017) (same). Sanders does not fall within § 2255(e)'s savings clause, and his claim is unavailing in this § 2241 petition.

### III

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Sanders's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. This matter is **DISMISSED** and **STRICKEN** from the Court's active docket; and

3. Judgment shall be entered contemporaneously herewith.

This the 28th day of June, 2019.

Gregory F. Van Tatenhove
United States District Judge